ETHRIDGE, Chief Justice:
This quo warranto proceeding questions the right of Dunbar W. Lee, appellee, to *435 hold the elective office of Superintendent of Education of Issaquena County. It originated with a petition for a writ of quo warranto being filed by the State of Mississippi, ex rel. Joe T. Patterson, Attorney General, against Lee, which sought to remove him from office on the ground that he was not lawfully qualified to hold it. The Circuit Court of Issaquena County dismissed the petition and we affirm.
As authorized by Mississippi Constitution 1890 section 204, the legislature has fixed the qualifications for a person to be eligible to hold the office of county superintendent of education. The constitutional power of the legislature to fix such qualifications has been upheld on several occasions. State ex rel. Attorney General v. Land, 231 Miss. 529, 95 So.2d 764, 96 So.2d 828 (1957). It was stipulated by the parties that Lee did not hold nor was he eligible to secure a Class A Certificate as defined in the Rules and Regulations of the State Department of Education. However, appellee contends that he comes within an exception or proviso recited in the statute. Section 6271-09, Mississippi Code 1942 Annotated (Supp.1966), originally Mississippi Laws 1953, Extraordinary Session, chapter 10, section 9, as amended by Mississippi Laws 1957, Extraordinary Session, chapter 14, provides:
No person shall be eligible to the office of County Superintendent of Education unless such person shall hold a certificate to be issued by the State Department of Education certifying that he holds a Bachelor’s Degree and also that he shall hold, or be eligible to secure, a Class A certificate as defined in the rules and regulations of the State Department of Education covering the certification of instructional personnel, awarded by an institution approved by the State Department of Education, and that he has not less than four (4) years’ actual experience as a teacher, or in an administrative position, in some public school of the State of Mississippi or of a state extending reciprocal licensing of teachers to the State of Mississippi; provided that no person who is serving as County Superintendent of Education at the effective date of this act shall he ineligible for the office of County Superintendent of Education because of lack of the qualifications prescribed by this section. (Emphasis added).
Dunbar W. Lee was elected to the office of Superintendent of Education of Issa-quena County in 1951, 1955, and 1959, thus serving continuously from January 1, 1952, to January 1, 1964. He was defeated in the 1963 elections, and so did not serve in that office from January 1, 1964 to January 1, 1968. Lee is a graduate of the University of Mississippi. He held all of the qualifications required for the office when elected in 1951, including a certificate of eligibility from the State Department of Education under the then existing rules and regulations of that department.
Lee decided to enter the race for the office in the primary elections of 1967, and, claiming under the quoted exemption, he applied for and was denied a certificate of eligibility. The Department of Education interpreted the exception to the general qualification requirements to apply “as long as he (the county superintendent) serves continuously in the office * * * ”
The Democratic Executive Committee of Issaquena County determined that Lee was entitled to be placed on the primary election ballot in August 1967, in which he defeated his only opponent. The County Democratic Executive Committee rejected a protest by the contestant, and no appeal was taken. Lee’s name was on the general election ballot, in which race he was unopposed, and he was elected county superintendent of education. He began serving the present term on January 1, 1968, and about four months’ later this petition was filed.
When read literally the exception to the general statutory qualifications is unambiguous. It states that no person serving at the effective date of the 1957 act, as *436 Lee was, shall be ineligible for the office of county superintendent of education “because of lack of the qualifications prescribed by this section.” The statute contains no requirement of continuity of service thereafter in order for an individual to come within the exception clause. When read in accord with its plain terms, the exception creates a particular classification, which was upheld in the Land case, where the Court stated:
Apparently the Legislature believed that on the basis of experience, information and knowledge secured while in office, those who were incumbents at the effective date of the act, having acquired such experience, information and knowledge, would be as qualified as those who might be elected in the future without previous experience but who complied with the increased qualifications for the office. Moreover, it may have thought that, as a matter of fairness to incumbents of the office, they should not be precluded from seeking that office again. At any rate, whether these ideas were in the minds of the legislatures or not, they certainly furnish a reasonable and just basis for the distinction made in Section 9 between incumbents and aspirants to the office who are not incumbents. So this classification meets the requirements of the law as to reasonableness. (State ex rel. Attorney General v. Land, 231 Miss, at 563, 95 So.2d at 778 (1957).
For the same reasons, the Legislature apparently considered experience and knowledge secured while in office a sufficient consideration to warrant an exception to those in office at the time of the 1953 and 1957 acts. It did not require future continuity of service. Appellant describes this interpretation of the exemption as granting a “lifelong exemption from meeting the statutory qualifications required of such office * * * ” However, that is a legislative decision, and the statute places no restriction upon the exemption as to those in office at the stated times. Since the classification is not unreasonable, we decline to read into the act a requirement of continuity of service.
Affirmed.
RODGERS, PATTERSON, SMITH and ROBERTSON, JJ., concur.